**William ARGUE et al., Appellants,**

**v.**

**GOLFCREST COUNTRY CLUB, Appellee.**

**No. 15694.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Dec. 3, 1970.

Campbell, Lilly & Navarro, Jerry J. Hamilton, Houston, for appellants.

Burke Holman, Sam G. Reams, Houston, for appellee.

BELL, Chief Justice.

In 1968 the shareholders of appellee voted to sell its property in Houston and to acquire property elsewhere where it would continue its operation as a country club. The sale was later consummated and property was purchased elsewhere. At the shareholders meetings, when determination to sell was made, the motion to make the sale was approved by a ⅔rds vote of the shareholders present. This met the requirements of Article 1396–5.09(A) (1) of the Non-Profit Corporation Act.

Appellants, who are shareholders who opposed the action, filed suit against appellee asserting that the sale was invalid because appellee was a business corporation and governed by Article 5.10 of the Business Corporation Act which requires a ⅔rds vote of all outstanding shares to authorize such a sale. Appellants sought to recover the fair value of their shares, or alternatively to have the appellee dissolved and liquidated and that they each be awarded their proportionate share of the net worth of the corporation.

Appellee filed its motion for summary judgment and it was sustained, the court rendering judgment that appellants take nothing.

We affirm.

The record conclusively establishes that appellee was incorporated in 1938 as a business corporation, but in 1944 its charter was amended so as to make it a non-profit corporation. While its charter was thus amended before the passage in 1959 of the Non-Profit Corporation Act, the charter as amended clearly complies with Section 1.02, Subdivision A-(3) and Section 2.24 of that Act.

An affidavit supporting the motion recites facts conclusively showing that at all times since the amendment of the charter in 1944 appellee has in fact conducted its affairs in a manner required by law for a non-profit corporation. The facts recited are in no way contradicted.

Appellants' theory that appellee, at the time the sale was made, was a business corporation is based upon the fact that the president and secretary of appellee on March 15, 1960, filed a statement with the Secretary of State that was marked filed by the Secretary of State on July 1, 1960. This "Statement" was on a form furnished by such official of the State which was to be filed pursuant to Article 9.14, subd. F of the Business Corporation Act. The statement was required to be filed in connection with an annual report for franchise tax purposes required by Article 7089, V.A.T.S. (now Article 12.08, Tax Code). The "statement" is addressed to the Secretary of State. The printed form states it is filed pursuant to Article 9.14, subd. F of the Texas Business Corporation Act. The blanks filled in give the name of the corporation, the address of its initial registered office and the name of its registered agent. The form contains a printed statement that, "The designation of the registered office and the appointment were authorized by resolution duly adopted by its board of directors." The statement is dated March 12, 1960. It does not appear, and it is not contended, that any annual report for franchise tax purposes was filed. Appellants contend that the mere filing of this statement converted a non-profit corporation into one operated for profit.

We hold it does not.

When the "statement" was filed in 1960 the Business Corporation Act was in effect so that by complying with Article 9.14, subd. C a corporation for profit could bring itself under the Act. The "statement" filed by appellee does not comply with Article 9.14, subd. C. Even if it had complied as to form, it would have been

ineffective because Article 2.01, subd. A of the Business Corporation Act provides that non-profit corporations may not adopt or be organized under such Act.

The Non-Profit Corporations Act became effective in September, 1961. Article 10.04, subd. D of said Act provides that it shall apply to all existing non-profit corporations. The result is that when appellee determined to sell its property in 1968 it acted under Article 5.09(A) (1) of the Non-Profit Corporation Act and it complied with that Article.

Appellants assert that the "Pleadings" show a fact issue regarding waiver and estoppel. The basis of this contention is apparently the appellants' allegations in what is denominated "Plaintiffs' First Supplemental Petition." In paragraph I thereof it is asserted that by filing the "statement" we have above mentioned appellee "waived" any right or privilege to claim it was operating under the Texas Non-Profit Corporation Act. In paragraph II it is asserted that appellants have maintained their membership and held their stock since the filing of the statement and in reliance thereon and appellee is estopped to deny what appellee had certified.

We are of the view that there was no issue of fact on the alleged theories of waiver and estoppel for several reasons.

On March 31, 1970, appellee's motion for summary judgment was filed and notice of hearing thereon on April 13, 1970 was given on March 31. Appellee's motion was supported by proper instruments and affidavits to show it was a non-profit corporation and had complied with the statutes so as to make the sale of its property valid. On file on March 31 was appellants' original petition asserting a failure to comply with Article 5.10 of the Business Corporation Act. Appellee's answer denying under oath that it was a corporation organized under the Business Corporation Act and containing a general denial was on file. On April 13, the date of the hearing, appellants' attorney filed an affidavit and attached a certified copy of the "statement" we have discussed. Such affidavit raised no issue of fact.

On April 13 the court heard the motion but before acting on it asked that the parties file briefs by May 4, 1970. The briefs were filed and on May 4 the court rendered judgment that appellants take nothing.

■ On April 30 appellants filed with the clerk a motion asking leave of the court to file their "First Supplemental Petition". Accompanying the petition for leave to file was the supplemental petition asserting waiver and estoppel. There is nothing to show that either petition was ever called to the attention of the court. We feel permission from the court to file was necessary in the summary judgment proceeding where the hearing of summary judgment had been completed though the court had not decided the motion. Rule 166–A(c). We are of the view that under the above facts the supplemental petition was not a matter that was before the court. We also feel the recital in the court's judgment shows such was not before the court. There was, therefore, no pleading of the affirmative defenses of waiver and estoppel. No other instrument asserted these defenses.

■ Even if it be considered the supplemental petition was before the court, a summary judgment was nevertheless properly rendered. It was a mere unsworn pleading of affirmative defenses seeking to avoid appellee's defenses and the burden to prove them was on appellants. In such a case, when a party establishes its right to summary judgment a mere unsworn pleading of waiver and estoppel will not defeat the right to summary judgment. The party must by appropriate summary judgment evidence raise a fact issue as to the existence of the affirmative pleas. This appellants did not do. Gulf, Colorado & Santa Fe Ry. Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492.

Affirmed.